**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AVA MATLOCK | Civil Action No.: |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| PEOPLELINK, LLC; VICTORY PACKAGING L.P.; and JOHN DOES 1-5 AND 6-10, | |
| Defendant. | |

To: The Honorable Judges
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

**PLEASE TAKE NOTICE** that Defendant Victory Packaging, L.P. ("Victory" or "Defendant"), by and through its attorneys, Nukk-Freeman & Cerra, P.C., respectfully petitions this Court for the removal of the above-entitled case from the Superior Court of New Jersey, Law Division, Middlesex County to the United States District Court, District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and, in support thereof, respectfully states as follows:

**I.   BACKGROUND**

1.   On or about June 12, 2024, Plaintiff Ava Matlock ("Plaintiff") filed a Complaint against Defendant in the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. MID-L-003439-24 (hereinafter the "State Court Action"), which is now pending in that court. Defendant Peoplelink, LLC ("Peoplelink") was also named in the action and consents to this removal. A copy of the Complaint (with Civil Case Information Statement, Civil

Summons and Track Assignment) filed in the State Court Action, Notice of Service of Process, as well as the Notice of Appearance by counsel for Peoplelink and the stipulation between Peoplelink and Plaintiff, which constitute all the processes and pleadings to date, are annexed hereto as **Exhibit A-C**.

2.  Victory was served with summons and process in this matter on June 24, 2024. See **Exhibit B**.

3.  Victory makes its first appearance in this matter by way of this Notice of Removal and the Notice of Filing of Notice of Removal, which is being filed concurrently in the State Court Action.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. §1332(A).

### A. DIVERSITY OF CITIZENSHIP

6.  Plaintiff is a resident and citizen of the State of New Jersey. See **Exhibit A**.

7.  Victory, is a Texas Limited Partnership with two partners. See **Exhibit D**. WestRock Timber Note Holding Company IV, LLC is the limited partner of Victory and holds 99% of its ownership interests. WestRock Victory GP Holding, LLC is the general partner of Victory and holds 1% of its ownership interests. WestRock Timber Note Holding Company IV, LLC and WestRock Victory GP Holding, LLC are each owned by :

   a. WestRock Victory Holding, LLC, which is wholly owned by WestRock Kraft Paper, LLC, which is wholly owned by WestRock Paper and Packaging, LLC which is wholly owned by WRKCo Inc., which is a Delaware corporation with a Georgia principal place of business;

   b. WestRock Evadale Holding, LLC, which is wholly owned by WestRock MWV, LLC which is wholly owned by WRKCo Inc., which is a Delaware corporation with a Georgia principal place of business;

   c. WestRock Company of Texas which is a Georgia corporation with a Georgia principal place of business;

  d. WestRock Packaging Systems Netherlands B.V., which is wholly owned by WestRock Holdings B.V, incorporated in and has a principal place of business in the Netherlands.

  e. WestRock Singapore Pte Ltd, which is a wholly owned by WestRock Packaging Systems Netherlands B., incorporated in and has a principal place of business in the Netherlands.

Therefore, Victory is a citizen of Texas, Georgia, Delaware, and Netherlands for purposes of determining diversity. 28 U.S.C. §1332(c)(1).

  8. Peoplelink is a Limited Liability Company formed under the laws of Indiana. See **Exhibit D**. PeopleLink is wholly owned by CRIT CORP., a Delaware corporation. CRIT Corp. is a holding company that is wholly owned by Groupe CRIT SA which is a publicly traded company in France. Therefore, Peoplelink is a citizen of Indiana, Delaware, and France for purposes of determining diversity. 28 U.S.C. §1332(c)(1).

  **B.** **AMOUNT IN CONTROVERSY**

  8. It is apparent from the face of the Complaint that Plaintiff seeks an amount in controversy in excess of $75,000 exclusive of interest and costs.

  4. In the Complaint, In the Complaint, Plaintiff asserts claims for Religious Hostile Work Environment under the New Jersey Law Against discrimination ("NJLAD") against Peoplelink (Count One), Reprisal under the NJLAD against Peoplelink (Count Two), Religious Hostile Work Environment under the NJLAD against Victory (Count Three), Religious Discrimination in Public Accommodation against Victory (Count Four), Reprisal under the NJLAD against Victory (Count Five), and Request for Equitable Relief (Count Six). See **Exhibit A.** Plaintiff seeks to recover all "compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable reinstatement, and any other relief the Court deems equitable and

just." Id.  Assuming solely for purposes of this application that Plaintiff succeeds on her claims, her recovery could exceed $75,000.00, not inclusive of any fees, costs or interest.

### III. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

9. This Notice of Removal is filed within 30 days of Defendant being served with the Summons and Complaint.  Thus, this Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure.

10. The Superior Court of New Jersey, Law Division, Middlesex County is located within the District of New Jersey and, therefore venue is proper in this Court pursuant to 28 U.S.C. §110 because it is "the district and division embracing the place where such action is pending."  28 U.S.C. §1441(a).

11. Thus, the above-captioned action is a civil action in which the amount in controversy exceeds $75,000.00, and complete diversity exists such that no plaintiff is a citizen of the same state as any defendant upon whom service has been effectuated.  See 28 U.S.C. § 1332; Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990).  Therefore, this Court has diversity jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332, which may properly be removed to the Court pursuant to 28 U.S.C. § 1441, *et seq*.

5. As of this date, no hearings or proceedings have taken place in the State Court Action to Defendant's knowledge.

6. As of this date, Plaintiff has served discovery in the State Court Action.

7. By filing this notice, Defendant neither admits any factual allegations, nor waives any affirmative defenses and/or preliminary objections that may be available to it under state or federal laws.  Defendant expressly reserves the right to move for dismissal of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

8.      Upon filing this Notice of Removal, Defendant shall give written notice thereof to attorneys for Plaintiff.  Defendant shall also file true and correct copies of said Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County.

WHEREFORE, Defendant hereby respectfully requests that the Court remove this action from the Superior Court of New Jersey, Law Division, Middlesex County, to the United States District Court for the District of New Jersey, wherein it shall proceed as an action originally commenced therein.

                                  NUKK-FREEMAN & CERRA, P.C.
*Attorneys for Defendant*
*Victory Packaging, L.P.*

By:  s/ Jesse Grasty
     Jesse Grasty, Esq.
     Iman A. Wells, Esq.
     Soundous Bouchouar, Esq.
     26 Main Street, Suite 202
     Chatham, NJ 07928
     jgrasty@nfclegal.com
     iwells@nfclegal.com
     sbouchouar@nfclegal.com
     Telephone: (973) 665-9100
     Facsimile: (973) 665-9101

Dated: July 24, 2024